UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Reginald Moore (#B-17935),       )
                                 )
                Plaintiff,       )
                                 )      No. 15 C 50016
        v.                       )
                                 )      Judge Frederick J. Kapala
Bessie Dominguez, et al.,        )
                                 )
                Defendants.      )

## ORDER

Plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted.   The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $7.66 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to continue making monthly deductions in accordance with this Order.   The Clerk is directed to send a copy of this order to the trust fund officer at Dixon Correctional Center.   However, summonses shall not issue at this time.   Plaintiff's motion for attorney representation [3] is granted.   The Court requests that Kathleen Currie Chavez, Foote, Mielke, Chavez & O'Neil LLC, 10 West State Street, Suite 200, Geneva, Illinois 60134, tel: (630) 232-4480, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel is granted 60 days to either (1) advise the Court that she will proceed on Plaintiff's *pro se* complaint, or (2) file an amended complaint that comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

## STATEMENT

Plaintiff Reginald Moore, a prisoner in custody of the Illinois Department of Corrections, brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that health care providers at Dixon Correctional Center were deliberately indifferent to his serious medical needs. Specifically, Plaintiff alleges that on or about June 2, 2013, he injured his back and neck while performing flip-flops on the yard.   Plaintiff was transported to the health care unit on a stretcher, where he answered some questions about his pain levels and was released without seeing a doctor. The next day, Plaintiff returned to the health care unit because he was experiencing severe pain. Plaintiff remained in the health care unit for two days and received x-rays, but he did not see a doctor.   According to Plaintiff, he was first seen by a doctor on June 18, 2013.   The doctor prescribed bed rest and pain medications.   Following his visit with the doctor, Plaintiff continued to experience severe back pain and was seen, on and off, by medical personnel from approximately June 28, 2013 to January 29, 2014, when an x-ray revealed that Plaintiff had sustained a compression fracture to his spine at T6.   Plaintiff was continued on pain medications until approximately October 20, 2014, when a doctor from the University of Illinois-Chicago Medical Center gave Plaintiff a steroid injection and ordered a back brace and supportive mattress to alleviate Plaintiff's pain.   Plaintiff says that he received the back brace but not the supportive

mattress.   Plaintiff also says that, from the time of injury to date, he has experienced extreme pain that is, at times, crippling; and, for the most part, Dixon health care providers offered little more than pain medications to alleviate his pain.

Plaintiff has established that he does not have the ability to pre-pay the filing fee.   The Court therefore grants Plaintiff's motion for leave to proceed *in forma pauperis* [4].   *See* 28 U.S.C. § 1915(a)(1).   Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.66.   The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account when funds become available and pay it directly to the Clerk of Court.   After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2).   Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.   All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.   This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to screen *pro se* prisoners' § 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).   Here, while Plaintiff's allegations demonstrate that he received some care for his back injury, it cannot be determined at this point whether the care that Dixon health care providers rendered to Plaintiff was constitutionally sufficient.   In particular, the Court finds concerning the delay in having a doctor initially evaluate Plaintiff and the subsequent delays in re-assessing Plaintiff's treatment plan when pain medications and bed rest failed to alleviate Plaintiff's pain.   Accepting Plaintiff's allegations as true, as the Court must at this juncture, the Court finds that Plaintiff has alleged facts sufficient to state a colorable federal cause of action insofar as he alleges delay in diagnosis and treatment of his back injury that caused extreme pain over an extended period of time.   *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference.").

Due to the serious nature of Plaintiff's allegations and the potential medical issues involved in this matter, Plaintiff's motion for attorney representation [3] is granted.   The Court requests that Kathleen Currie Chavez, Foote, Mielke, Chavez & O'Neil LLC, 10 West State Street, Suite 200, Geneva, Illinois 60134, tel: (630) 232-4480, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel is granted 60 days to either (1) advise the Court that she will proceed on Plaintiff's *pro se* complaint, or (2) file an amended complaint that comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.   Summonses will then issue for service on the

2

defendants.   If counsel is unable to file an amended complaint that comports with Rule 11, she should so inform the Court.


Date:   March 4, 2015